# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SURYDEVARA,<br><br>　　　　　　Defendant.<br>_____ / | CASE NO. 1:06-CV-01120 AWI LJO P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983<br><br>(Doc. 1)<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |

I. <u>Screening Order</u>

　　A. <u>Screening Requirement</u>

Plaintiff Cecilia Fraher ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 21, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
2  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
3  506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short
4  and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.
5  8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is
6  and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a
7  complaint only if it is clear that no relief could be granted under any set of facts that could be proved
8  consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately
9  prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may
10 appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the
11 test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.
12 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need
13 suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262
14 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a
15 plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal
16 interpretation of a civil rights complaint may not supply essential elements of the claim that were not
17 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting
18 Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

19         B.    Claim for Deliberate Indifference to Medical Needs

20    Plaintiff is incarcerated at the Central California Women's Facility (CCWF) in Chowchilla.
21 Plaintiff is seeking monetary damages from defendant Sampath Surydevara, the Chief Medical
22 Officer at CCWF, for allegedly violating her rights under the Eighth Amendment by acting with
23 deliberate indifference to her serious medical needs. The basis of plaintiff's claim is that she has not
24 been provided with regular, routine pacemaker checks and calibration, which endangers her life.

25    To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison
26 conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452
27 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an
28 Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations are sufficient to support the claim that plaintiff has a serious medical need. However, plaintiff's allegations do not support the claim that defendant Surydevara acted with deliberate indifference to plaintiff's serious medical need. "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  Plaintiff has alleged no facts indicating that defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.

In addition, liability may not be imposed on supervisory personnel under section 1983 for the actions of their employees under a theory of respondeat superior.  When the named defendant holds a supervisorial position, as defendant Surydevara does in this case, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert.

1 denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 for supervisory liability,
2 plaintiff must allege some facts indicating that the defendant Surydevara either: personally
3 participated in the alleged deprivation of constitutional rights; knew of the violations and failed to
4 act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is
5 a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"
6 Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880
7 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must
8 be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit,
9 507 U.S. 163, 168 (1993).

10       To the extent that plaintiff is attempting to impose liability on defendant Surydevara based
11 on his involvement in resolving her inmate appeals, as a general principle, actions in reviewing
12 prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.  See
13 Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  In order for plaintiff to pursue a claim for
14 relief against defendant Surydevara based on his involvement in resolving her appeal, plaintiff must
15 allege facts that would support a claim that defendant "deprived the [plaintiff] of the 'minimal
16 civilized measure of life's necessities,'" and "'acted with deliberate indifference in doing so.'"
17 Toguchi, 391 F.3d at 1057 (quoting Hallett, 296 F.3d at 744).

18       C.    Conclusion

19       The court finds plaintiff's complaint does not state a claim upon which relief may be granted
20 under section 1983, as plaintiff has not alleged any facts linking defendant Surydevara's actions or
21 omissions to an alleged violation of her constitutional rights.  The court will provide plaintiff with
22 the opportunity to file an amended complaint curing the deficiencies identified by the court in this
23 order.

24       Plaintiff is informed she must demonstrate in her complaint how the conditions complained
25 of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d
26 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is
27 involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
28 connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S.

4

362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   September 22, 2006**             /s/ Lawrence J. O'Neill
b9ed48                                       UNITED STATES MAGISTRATE JUDGE