1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

7
8

9  CECILIA FRAHER,                              CASE NO. 1:06-CV-01120 AWI LJO P

10           Plaintiff,                         FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING DISMISSAL OF CERTAIN
11    v.                                        CLAIM AND CERTAIN DEFENDANTS
                                                FROM ACTION FOR FAILURE TO STATE A
12  SURYDEVARA, et al.,                         CLAIM UPON WHICH RELIEF MAY BE
                                                GRANTED UNDER SECTION 1983
13           Defendants.
                                                (Doc. 11)
14  _____/

15

16  I.       Findings and Recommendations Following Screening of Amended Complaint

17           A.       Screening Requirement

18           Plaintiff Cecilia Fraher ("plaintiff") is a state prisoner proceeding pro se and in forma

19  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August

20  21, 2006.  On September 25, 2006, the court issued an order dismissing plaintiff's complaint, with

21  leave to amend, for failure to state any claims upon which relief may be granted under section 1983.

22  28 U.S.C. § 1915A.  Plaintiff filed an amended complaint on October 23, 2006.

23           The court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

27  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

28  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

1   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2   claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4   exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

5   506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short

6   and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro.

7   8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

8   and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a

9   complaint only if it is clear that no relief could be granted under any set of facts that could be proved

10  consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately

11  prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may

12  appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the

13  test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.

14  232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

15  suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262

16  F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a

17  plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal

18  interpretation of a civil rights complaint may not supply essential elements of the claim that were not

19  initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

20  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

21      B.      Claims for Deliberate Indifference to Medical Needs

22  Plaintiff is incarcerated at the Central California Women's Facility (CCWF) in Chowchilla.

23  Plaintiff is seeking monetary damages and injunctive relief based on the alleged violation of her

24  rights under the Eighth Amendment. The basis of plaintiff's claim is that she has not been provided

25  with regular, routine pacemaker checks and calibration, which endangers her life.

26  To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under

27  color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal

28  law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). To constitute cruel and

unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

1.    Defendants Patrick, Tilton, Dovey, Sillen, and Schwarzenegger

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Despite being previously notified by the court that respondeat superior does not provide a basis upon which to impose liability under section 1983, plaintiff alleges that she is naming Warden D. L. Patrick, Secretary James Tilton, Director John Dovey, Robert Sillen, and Governor Arnold Schwarzenegger as defendants under a theory of respondeat superior. (Doc. 8, Order, 3:24-4:9; Doc. 11, Amend. Comp., pg. 3.)  The court recommends that these defendants be dismissed from this action for failure to state a claim upon which relief may be granted under section 1983.

## 2.   Defendant Suryadevara

In light of federal notice pleading standards, plaintiff is entitled to proceed in this action against defendant Suryadevara on her claim that she is not receiving appropriate follow-up care for her pacemaker and that the delays are a result of systematic deficiencies which are the responsibility of defendant Suryadevara. Fed. R. Civ. P. 8(a); Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). Plaintiff alleges that she has endured pain and suffering as a result of the inadequate care provided to her with respect to her pacemaker.

However, plaintiff may not proceed against defendant Suryadevara on her claims stemming from the alleged falsification of a medical record by an outside physician or the erroneous statement made by defendant Spaeder.  Neither the written report nor the verbal statement provides a basis upon which to pursue a claim against Suryadevara for acting with deliberate indifference to plaintiff's serious medical needs.

## 3.   Defendants Iyer, Cane, Karr, Bennie, Orong, Heskitt, and Spaeder

Although plaintiff's allegations are sufficient to support the claim that she has a serious medical need, plaintiff has alleged no facts to support the claim that defendants Iyer, Cane, Karr, Bennie, Orong, Heskitt, and Spaeder acted with deliberate indifference to those needs. "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was

1    not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" <u>Id</u>.

2    (quoting <u>Gibson v. County of Washoe, Nevada</u>, 290 F.3d 1175, 1188 (9th Cir. 2002)). Plaintiff has

3    alleged no facts supporting her claim that defendants "[knew] of and disregard[ed] an excessive risk

4    to [plaintiff's] health or safety." <u>Farmer</u>, 511 U.S. at 837.

5        Based on plaintiff's exhibits, it appears that some or all of these defendants are named

6    because they responded to her inmate appeals. As plaintiff has already been informed, as a general

7    principle, actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability

8    under a § 1983 action. <u>See</u> <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993). (Doc. 8, 4:10-13.)

9    In order for plaintiff to pursue a claim for relief based on involvement in resolving her appeal,

10    plaintiff must allege facts that would support a claim that defendants "deprived the [plaintiff] of the

11    'minimal civilized measure of life's necessities,'" and "'acted with deliberate indifference in doing

12    so.'" <u>Toguchi</u>, 391 F.3d at 1057 (quoting <u>Hallett</u>, 296 F.3d at 744). Plaintiff has not done so.[1]

13    Accordingly, the court recommends that defendants Iyer, Cane, Karr, Bennie, Orong, Heskitt, and

14    Spaeder be dismissed from this action based on plaintiff's failure to state any claims upon which

15    relief may be granted under section 1983.

16        C.    <u>Conclusion</u>

17        Plaintiff's amended complaint states a claim against defendant Suryadevara for allegedly

18    violating plaintiff's rights under the Eighth Amendment with respect to her medical care. However,

19    plaintiff's amended complaint does not state Eighth Amendment claims against defendants Patrick,

20    Tilton, Dovey, Sillen, Schwarzenegger, Iyer, Cane, Karr, Bennie, Orong, Heskitt, and Spaeder. The

21    court previously screened plaintiff's original complaint, notified her of the deficiencies, and provided

22    her with the applicable legal standards. Plaintiff's amended complaint suffers from the same

23    deficiencies as her original complaint did. Accordingly, the court HEREBY RECOMMENDS that:

24        1.      This action proceed on plaintiff's amended complaint, filed October 23, 2006, against

25              defendant Suryadevara on plaintiff's Eighth Amendment medical care claim;

26

---

27        [1] Only defendant Spaeder's action is described in the amended complaint. However, that action - telling

28   plaintiff she could die any day and there was nothing anyone could do - does not support an Eighth Amendment claim.

2.      Plaintiff's Eighth Amendment claim against defendant Suryadevara arising from Dr. Ashraf's medical report containing false information and defendant Spaeder's statement to plaintiff be dismissed for failure to state a claim upon which relief may be granted against them under section 1983; and

3.      Defendants Patrick, Tilton, Dovey, Sillen, Schwarzenegger, Iyer, Cane, Karr, Bennie, Orong, Heskitt, and Spaeder be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against them under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    October 25, 2006** _____            _____ **/s/ Lawrence J. O'Neill** _____
b9ed48                                                       UNITED STATES MAGISTRATE JUDGE