# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER,<br><br>        Plaintiff,<br><br>    v.<br><br>SURYDEVARA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-CV-01120 AWI LJO P<br><br>ORDER DENYING MOTION FOR EXTENSION OF TIME AS MOOT<br><br>(Doc. 9)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 10) |

      Plaintiff Cecilia Fraher ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 6, 2006, plaintiff filed a motion seeking an extension of time to file an amended complaint in compliance with the court's order of September 25, 2006, and on October 19, 2006, plaintiff filed a motion seeking the appointment of counsel.

      Plaintiff timely filed her amended complaint on October 23, 2006. Therefore, plaintiff's motion for an extension of time is moot and shall be denied on that ground.

      Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that she has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate her claims. Id. Plaintiff's motion shall therefore be denied.

For the foregoing reasons, plaintiff's motion for an extension of time is DENIED as moot, and plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

**Dated:   October 25, 2006**            /s/ Lawrence J. O'Neill
i0d3h8                                                UNITED STATES MAGISTRATE JUDGE