UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER, | 1:06-cv-01120-AWI-LJO PC |
| Plaintiff, | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 12) |
| vs. | **ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS** (Doc. 11) |
| SURYDEVARA, et al., | |
| Defendants. | **ORDER DENYING MOTION FOR LEAVE TO AMEND, WITHOUT PREJUDICE** (Doc. 14) |

Plaintiff Cecilia Fraher ("plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On October 25, 2006, then-Magistrate Judge Lawrence J. O'Neill filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objection to the Findings and Recommendations was to be filed within thirty days. To date, plaintiff has not filed objections to

1

1  Judge O'Neill's Findings and Recommendations.  However, on December
2  4, 2006, plaintiff filed a motion to amend to add supplemental
3  state law claims and a federal claim to this action.  The motion
4  also functioned as a statement of those claims.
5      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C)
6  and Local Rule 73-305, this Court has conducted a de novo review of
7  this case.  Having carefully reviewed the entire file, the Court
8  finds the Findings and Recommendations to be supported by the
9  record and by proper analysis.  Therefore, it shall be adopted in
10 full.
11     With respect to plaintiff's motion, she sets forth her
12 additional claims for relief in the motion.  California's Tort
13 Claims Act requires that a tort claim against a public entity or
14 its employees be presented to the California Victim Compensation
15 and Government Claims Board, formerly known as the State Board of
16 Control, no more than six months after the cause of action accrues.
17 Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006).
18 Presentation of a written claim, and action on or rejection of the
19 claim are conditions precedent to suit.  State v. Superior Court of
20 Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13
21 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils.
22 Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995).  To state a tort claim
23 against a public employee, a plaintiff must allege compliance with
24 the Tort Claims Act.  State v. Superior Court, 32 Cal.4th at 1245,
25 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477;
26 Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th
27 Cir. 1988).  Plaintiff did not allege compliance with the Tort
28 Claims Act in her statement of claim.

In addition, plaintiff is attempting to assert a negligence claim against defendant Suryadevara based on defendant Ashraf's falsification of a report. Plaintiff has set forth no grounds that would allow her to pursue a negligence claim against Suryadevara based on actions taken by Ashraf.

Further, although plaintiff asserts that the Court has jurisdiction over claims brought pursuant to 42 U.S.C. § 1985, plaintiff has alleged no facts to support a section 1985 claim. The second clause of section 1985(2) proscribes conspiracies for the purpose of impeding the due course of justice in any state, with the intent to deny equal protection of the laws, and section 1985(3) proscribes conspiracies to deny equal protection of the law or equal privileges and immunities.[1] Coverdell v. Dep't. of Soc. and Health Svcs., State of Washington, 834 F.2d 758, 767 (9th Cir. 1987). An allegation of racial or class-based discrimination is required to state a claim for relief under either the second clause of section 1985(2) or section 1985(3). Bretz v. Kelman, 773 F.2d 1026, 1028-1030 (9th Cir. 1985). No such allegations are set forth.

Because plaintiff's motion and statement of claim filed on December 4, 2006, do not set forth allegations sufficient to give rise to the claims for relief plaintiff seeks to add, her motion shall be denied, without prejudice.

///

///

---

[1] "The first clause of 1985(2) concerns conspiracy to obstruct justice in the federal courts, or to intimidate a party, witness or juror in connection therewith" Bretz v. Kelman, 773 F.2d 1026, 1028 n.3 (9th Cir. 1985) and is not applicable.

3

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed October 25, 2006, is ADOPTED IN FULL;
2. This action shall proceed on plaintiff's amended complaint, filed October 23, 2006, against defendant Suryadevara on plaintiff's Eighth Amendment medical care claim;
3. Plaintiff's Eighth Amendment claim against defendant Suryadevara arising from Dr. Ashraf's medical report containing false information and defendant Spaeder's statement to plaintiff are DISMISSED for failure to state a claim upon which relief may be granted against them under section 1983;
4. Defendants Patrick, Tilton, Dovey, Sillen, Schwarzenegger, Iyer, Cane, Karr, Bennie, Orong, Heskitt, and Spaeder are DISMISSED from this action based on plaintiff's failure to state any claims upon which relief may be granted against them under section 1983; and
5. Plaintiff's motion seeking leave to amend, filed December 4, 2006, is DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   March 13, 2007**          /s/ Anthony W. Ishii
0m8i78                              UNITED STATES DISTRICT JUDGE

4