# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER, | 1: 06-CV-1120 AWI NEW (DLB) P |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Document #21) |
| SURYDVARA, et.al., | |
| Defendants. / | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 23, 2006, Plaintiff filed an amended complaint. On October 25, 2006, the Magistrate Judge filed Findings and Recommendations that recommended: (1) This action proceed on Plaintiff's amended complaint, filed October 23, 2006, against defendant Surydevara on Plaintiff's Eighth Amendment medical care claim; (2) Plaintiff's Eighth Amendment claim against defendant Suryadevara arising from Dr. Ashraf's medical report containing false information and defendant Spaeder's statement to plaintiff be dismissed for failure to state a claim upon which relief may be granted; and (3) and Defendants Patrick, Tilton, Dovey, Sillen, Schwarzenegger, Iyer, Cane, Karr, Bennie, Orong, Heskitt, and Spaeder be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted.

Plaintiff did not object to the Findings and Recommendations. However, on December 4, 2006, plaintiff filed a motion to amend the complaint to add supplemental state law claims and a federal claim. On March 14, 2007, the court ordered that: (1) The Findings and Recommendations, filed October 25, 2006, were adopted; (2) This action would proceed on

plaintiff's amended complaint, filed October 23, 2006, against defendant Suryadevara on plaintiff's Eighth Amendment medical care claim; (3) Plaintiff's Eighth Amendment claim against defendant Suryadevara arising from Dr. Ashraf's medical report containing false information and defendant Spaeder's statement to plaintiff were DISMISSED for failure to state a claim upon which relief may be granted; (4) Defendants Patrick, Tilton, Dovey, Sillen, Schwarzenegger, Iyer, Cane, Karr, Bennie, Orong, Heskitt, and Spaeder were dismissed based on plaintiff's failure to state any claims upon which relief may be granted; and (5) Plaintiff's motion seeking leave to amend was denied.

On April 9, 2007, plaintiff filed a motion requesting the court review the court's order dismissing a claim and defendant. The court construes this motion as a motion for reconsideration of the March 14, 2007 order. Plaintiff contends that she should be allowed to amend her complaint to contain state claims because she is in the process of filing a claim with the California Victim Compensation and Government Claims Board. Plaintiff also contends that defendant Suryadevara is liable for Dr. Ashraf's actions based on the doctrine of respondeat superior and because defendant Suryadevara signed off on appeals concerning Dr. Ashraf.

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Compliance with the California Tort Claims Act is a substantive element of a plaintiff's cause of action. United States v. State of California, 655 F.2d 914, 918 (9th Cir.1980); Hernandez v. McClanahan, 996 F.Supp. 975, 979 (N.D. Cal. 1998); see also Willis v. Reddin, 418 F.2d 702, 704 (1969) ("In California statutes or ordinances which condition the right to sue the sovereign upon timely filing of claims and actions are more then procedural requirements. They are elements of the plaintiff's cause of action and conditions precedent to the maintenance of the action"); City of San Jose v. Superior Court, 12 Cal.3d 447, 454 (1974) ("the claims statutes require timely filing of a proper claim as condition precedent to the maintenance of the action").  Because Plaintiff's administrative process is not yet completed, Plaintiff has not complied with the California Tort Claims Act. See Dujardin v. Ventura County Gen. Hosp., 69 Cal.App.3d 350, 355 (1977) ("Timely compliance with the claim filing requirements and rejection of the claim by the governmental agency must be pleaded in a complaint in order to state a cause of action").   Thus, the court cannot consider Plaintiff's tort claims at this time.

In addition, the court did not err in dismissing Plaintiff's claims against defendant Suryadevara based on Dr. Ashraf's actions.   There is no respondeat superior liability under 42 U.S.C. § 1983. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002).   To the extent Plaintiff believes defendant Suryadevara is liable for Dr. Ashraf's negligence, Plaintiff has failed to fully comply with the California Tort Claims Act.

Accordingly, Plaintiff's motion requesting the court review the dismissed claim and defendant, which has been construed as a motion for reconsideration, is DENIED.

IT IS SO ORDERED.

**Dated:   May 25, 2007**                             /s/ Anthony W. Ishii
                                                                   UNITED STATES DISTRICT JUDGE