# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER, | CASE NO. 1:06-cv-01120-AWI-GSA PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT |
| v. | |
| SURYDEVARA, | (Doc. 34) |
| Defendant. | ORDER GRANTING DEFENDANT'S MOTION FOR MODIFICATION OF THE SCHEDULING ORDER |
| | (Doc. 36) |

Plaintiff Cecilia Fraher ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed October 23, 2006, against defendant Suryadevara ("defendant") for acting with deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment. On September 24, 2007, plaintiff filed a motion seeking leave to file a second amended complaint. Defendant did not file a response to the motion to amend, but on January 31, 2008, defendant filed a motion seeking modification of the scheduling order to extend the discovery and pretrial dispositive motion deadlines should the court grant plaintiff's motion to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and

1

leave to amend 'shall be freely given when justice so requires.'" <u>AmerisourceBergen Corp. v. Dialysis West, Inc.</u>, 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).

Good cause having been shown, plaintiff's motion for leave to amend shall be granted. Leave to amend is limited to the addition of plaintiff's proposed state law negligence claims. Defendant is relieved of his obligation to respond to the second amended complaint until the court has screened it. The court will set new deadlines for the completion of discovery and filing pretrial dispositive motions once plaintiff's complaint has been reviewed and is found to state cognizable claims.

Plaintiff is reminded that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); accord <u>Forsyth</u>, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion seeking leave to file a second amended complaint, filed September 24, 2007, is GRANTED;

2. Plaintiff has **thirty (30) days** from the date of service of this order within which to file a second amended complaint;

3. Defendant is relieved of his obligation to file a response to the second amended complaint pending screening by the court;

4. Defendant's motion for modification of the scheduling order, filed January 31, 2008, is GRANTED, and the court will set new deadlines for the completion of discovery and filing pretrial dispositive motions once plaintiff's second amended complaint has been screened; and

5. The Clerk's Office shall send plaintiff a section 1983 complaint form.

IT IS SO ORDERED.

Dated:   **February 14, 2008**                             /s/ **Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE