1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

| | |
|---|---|
| CECILIA FRAHER,<br><br>              Plaintiff,<br><br>    v.<br><br>SURYADEVARA, et al.,<br><br>              Defendants.<br>_____ / | CASE NO. 1:06-cv-01120-AWI-GSA PC<br><br>FINDING AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Doc. 40 and 41)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

15

16

17

18

19

20

Plaintiff Cecilia Fraher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law. On March 28, 2008, Plaintiff filed a motion seeking an order prohibiting Defendants from retaliating by delaying medical treatment, and mandating reinstatement of a medical accommodation chrono (order). On April 18, 2008, Plaintiff filed a motion to add an exhibit.

21

22

23

24

25

26

27

28

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the

1   plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must

2   demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

3   Id.

4       "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

5   granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v.

6   Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).

7   Further, a mandatory preliminary injunction such as that sought by Plaintiff in part in the instant

8   motion "is subject to heightened scrutiny and should not be issued unless the facts and the law

9   clearly favor the moving party." Dahl v. Hem Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir.

10  1993). Plaintiff is not a medical expert and is not qualified to render an opinion that she has medical

11  needs which require immediate treatment or that she is in need of a particular medical order, and will

12  suffer irreparable harm without the issuance of a preliminary injunction. Because Plaintiff has not

13  supported her motion with any admissible expert evidence relating to her medical needs, she has not

14  met her burden as the moving party.

15      Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for preliminary

16  injunctive relief, filed March 28, 2008 and supplemented on April 18, 2008, be DENIED.

17      This Finding and Recommendation will be submitted to the United States District Judge

18  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**

19  **days** after being served with this Finding and Recommendation, Plaintiff may file a written objection

20  with the Court. The document should be captioned "Objection to Magistrate Judge's Finding and

21  Recommendation." Plaintiff is advised that failure to file objections within the specified time may

22  waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23

24

        IT IS SO ORDERED.

25

    Dated:    **May 6, 2008**              ___/s/ **Gary S. Austin**___

26                                      UNITED STATES MAGISTRATE JUDGE

27

28