# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER, | CASE NO. 1:06-cv-01120-AWI-GSA PC |
| Plaintiff, | FINDING AND RECOMMENDATION RECOMMENDING EIGHTH AMENDMENT CLAIMS AGAINST ASHRAF, SPAEDER, AND IYER BE STRICKEN FROM SECOND AMENDED COMPLAINT |
| v. | |
| SURYADEVARA, et al., | |
| Defendants. | (Doc. 39) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Cecilia Fraher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law. On September 24, 2007, Plaintiff filed a motion seeking leave to amend to add a medical malpractice claim under California law, following exhaustion in compliance with the California Tort Claims Act. On February 14, 2008, the Court granted Plaintiff's motion, limited to the addition of the proposed state law claims. Plaintiff filed her second amended complaint on March 7, 2008.

Pursuant to the Court's order of February 14, 2008, Plaintiff was granted leave to amend to add medical malpractice claims against Defendant Suryadevara, and Registered Nurse Spaeder and Dr. Ashraf. However, in her second amended complaint, Plaintiff attempts to add an Eighth Amendment claim against Chief Physician Iyer. Although it is not entirely clear, Plaintiff's second amended complaint might also be read to include Eighth Amendment claims against Spaeder and Ashraf. (E.g., Doc. 39, pg. 6.) Plaintiff's Eighth Amendment claims against Iyer, Spaeder, and

Ashraf were dismissed from this action for failure to state a claim upon which relief may be granted on March 14, 2007, and Plaintiff was not given leave to amend as to those claims.

Because Plaintiff impermissibly attempted to expand the scope of this action in contravention of the Court's order granted her leave to amend, the Court HEREBY RECOMMENDS that Plaintiff's Eighth Amendment claims against Defendants Iyer, Spaeder, and Ashraf be stricken from the second amended complaint.[1]

This Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Finding and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objection to Magistrate Judge's Finding and Recommendation."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 6, 2008**           /s/ **Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's inclusion of previously dismissed claims is permissible in light of the waiver rule.  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997) ("If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint.")  However, Plaintiff may not proceed on those claims in light of their previous dismissal for failure to state a claim, and the Court's order placing limits on leave to amend.

2