**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER,<br><br>        Plaintiff,<br><br>   v.<br><br>SURYDEVARA, et al.,<br><br>        Defendants. | CASE NO. 1:06-cv-01120-AWI-GSA PC<br><br>ORDER GRANTING MOTION TO ENTER EVIDENCE, ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 40, 41, 43, 56) |

    Plaintiff Cecilia Fraher ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On May 6, 2008, the Magistrate Judge filed a Findings and Recommendations that recommended Plaintiff's motion for a preliminary injunction be denied. The Findings and Recommendation was served on Plaintiff and contained notice that any objections to the Findings and Recommendations were to be filed within thirty days. Plaintiff filed an Objection on May 27, 2008, and a supplemental Objection on June 16, 2008. On July 14, 2008, Plaintiff filed a motion to enter evidence, which the court construes as a motion to consider additional evidence and which the court will grant.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

    As explained by the Magistrate Judge, a preliminary injunction is available to a plaintiff who

1  "demonstrates either (1) a combination of probable success and the possibility of irreparable harm,
2  or (2) that serious questions are raised and the balance of hardship tips in its favor." " <u>Walczak v.</u>
3  <u>EPL Prolong, Inc.</u>, 198 F.3d 725, 731 (9th Cir.1999); <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819
4  F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must demonstrate a significant
5  threat of irreparable injury."

6  The court has read Plaintiff's complaint, motion for a preliminary injunction, objections, and
7  additional submitted evidence.  These documents are not entirely clear what exactly Plaintiff desire
8  the court to order Defendants to do.   Plaintiff's motion for preliminary injunctive relief requests that
9  Plaintiff be prohibited from retaliating against her for filing this action, and the court reinstate a
10 medical chrono written on March 5, 2007.   Other documents before the court indicate that Plaintiff
11 desires to be kept in her current housing situation with an emergency medical button.  Plaintiff also
12 appears to request that she be seen by a cardiologist ever six months.   The Magistrate Judge
13 recommended the court deny Plaintiff's motion because Plaintiff is not a medical expert and had not
14 submitted evidence that she will be harmed if the chrono is not reinstated.

15 One of Plaintiff's requests appears to be that the court order that she be seen by a doctor
16 every six months.   Plaintiff has submitted evidence that on May 20, 2008, she was seen by  Dr.
17 William J. Bommer, M.D.,  a cardiologist, some eight months after her last visit.   Because
18 Plaintiff's documents filed after May 20, 2008 concern the emergency medical button, it is unclear
19 if Plaintiff still seeks an order that she been seen every six months.  Plaintiff has attached the May
20 20, 2008 medical report by Dr. Bommer. This document states that Plaintiff should "[r]eturn to the
21 clinic in six 6 month(s). Pacer clinic."   The document goes on to state that "Patients status is
22 expected to decline and she needs to return every 6 mos for checking her aortic [unclear] and
23 symptoms.  Without regular care she would be at risk for death and serious injury."    Plaintiff
24 appears to be arguing that this document provides evidence to meet her burden of proof showing that
25 she will be irreparably harmed absent a court order for a visit with a cardiologist ever six months.

26 The first problem with Plaintiff's evidence is it is not properly authenticated, and as such
27 cannot be considered.  <u>See</u> Fed.R.Evid. 901.   Second, even considering this document, the court
28 disagrees that it provides evidence Plaintiff will suffer irreparable injury if the court does not order

1  that she be seen by a cardiologist every six months.  There is no evidence Defendants will not follow
2  Dr. Bommer's advise that Plaintiff come back for a follow up visit in six months.  In addition, while
3  the document does predict dire consequences if Plaintiff does not receive follow up care, this
4  document falls short of providing evidence that she will be irreparably harmed absent a court order
5  to see a cardiologist every six months.  Thus, Plaintiff's additional documentation does not convince
6  the court that the Magistrate Judge incorrectly determined Plaintiff had not met her burden of proof.

7  Plaintiff's second request appears to be that she be allowed to remain in her current cell with
8  an emergency medical button.  Plaintiff provides no evidence, as opposed to argument, that Plaintiff
9  is even going to be removed from her current living accommodation because she filed this lawsuit.
10 Regardless, Plaintiff admits she has been told that she will placed in a skilled nursing facility instead
11 of the current cell.  While the court is not unsympathetic toward Plaintiff's wish that she continue
12 in her current housing situation, Plaintiff has failed to provide evidence that placing her in a skilled
13 nursing facility instead of a cell with an emergency medical button poses an unacceptable risk to
14 Plaintiff's health and she will be irreparably harmed by the move.   Plaintiff's disagreement with
15 the alleged housing change is insufficient to entitle her a preliminary injunction.  See Toguchi v.
16 Chung, 391 F.3d 1051, 1058 (9th Cir.2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.1996).

17 Accordingly, IT IS HEREBY ORDERED that:

18 1. Plaintiff's motion to enter evidence to objection is GRANTED and the court
19 considers the evidence submitted on July 14, 2008;
20 2. The Findings and Recommendations, filed May 6, 2008, is adopted in full; and
21 3. Plaintiff's motion for preliminary injunctive relief, filed March 28, 2008 and
22 supplemented on April 18, 2008, is DENIED.

24 IT IS SO ORDERED.

25 **Dated:   July 25, 2008**              /s/ Anthony W. Ishii
                                            CHIEF UNITED STATES DISTRICT JUDGE