# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER, | CASE NO. 1:06-cv-01120-AWI-GSA PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT ASHRAF'S MOTION TO STRIKE PUNITIVE DAMAGES CLAIM AGAINST HIM BE GRANTED |
| v. | |
| SURYDEVARA, et al., | (Doc. 68) |
| Defendants. | OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendant Ashraf's Motion to Strike**

**I.      Motion to Strike Prayer for Punitive Damages**

This is a civil action filed pursuant to 42 U.S.C. § 1983 and California tort law by Plaintiff Cecilia Fraher, a state prisoner proceeding pro se and in forma pauperis. The action is proceeding on Plaintiff's second amended complaint, filed March 7, 2008, against Defendant Suryadevara for violation of the Eighth Amendment of the United States Constitution, and against Defendants Suryadevara, Ashraf, and Spaeder on Plaintiff's state law negligence claims. On January 8, 2009, Defendant Ashraf filed a motion to strike Plaintiff's prayer for punitive damages. Fed. R. Civ. P. 12(f). Plaintiff neither opposed the motion nor filed a statement of non-opposition. Local Rule 78-230(m).

Ashraf argues that Plaintiff's second amended complaint fails to set forth sufficient allegations to support a prayer for punitive damages under California Civil Code section 3294(a), and that Plaintiff failed to comply with California Civil Procedure Code section 425.13(a). Ashraf

1

seeks an order striking the punitive damages claim against him under Rule 12(f), which provides, in pertinent part, that "[u]pon motion . . . or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Motions to strike are disfavored and infrequently granted, Allen v. Woodford, No. 1:05-CV-01104-OWW-LJO, 2006 WL 1748587, *20 (E.D. Cal. 2006) (citing Bassiri v. Xerox Corp., 292 F.Supp.2d 1212, 1220 (C.D. Cal. 2003)), but matters may be stricken to reduce trial complications or if the challenged allegations are so unrelated to the plaintiff's claims that they are unworthy of consideration as a defense and are prejudicial, Alcaraz v. Wachovia Mortgage, FSB, No. CV F 08-1640 LJO SMS, 2009 WL 160308, *10 (E.D. Cal. 2009) (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1983)). Further, a prayer for relief may be stricken if the damages are not recoverable as a matter of law. Alcaraz, 2009 WL 160308, at *10 (citing Bureerong v. Uvawas, 922 F.Supp. 1450, 1479 n.34 (C.D. Cal. 1996)).

### A. Section 3294(a)

Under California law, punitive damages are available to a plaintiff who proves by clear and convincing evidence that the defendant is guilty of oppression, fraud, or malice. Cal. Civ. Code § 3294(a) (West 2009). Oppression is defined as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." § 3294(c)(2). Fraud is defined as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." § 3294(c)(3). Malice is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." § 3294(c)(1).

Plaintiff's allegations are accepted as true and construed in the light most favorable to her, and because Plaintiff is proceeding pro se, her pleading is liberally construed. Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (citations omitted). Plaintiff contends that she underwent an unsuccessful partial heart transplant in 1998, and complications from the surgery left her completely dependent on a pacemaker, which must be calibrated regularly. (Doc. 39, 2nd Amend. Comp., p.

3.) If the device fails, Plaintiff will die. (Id.) Plaintiff's negligence claim against Ashraf, who is a physician, arises from his purported falsification of a medical report, in which Ashraf stated that Plaintiff's pacemaker was tested on December 4, 2003. (Id., p. 4.) Plaintiff contends that as a result of the false report, she had to endure physical chest pain akin to an ongoing heart attack from December 2003 to April 8, 2004, when the battery to her pacemaker was replaced. (Id., pp. 4 & 5.) Plaintiff describes Ashraf's conduct as both negligent and intentional, and in her prayer for punitive damages, asserts fraud and malice. (Id., pp. 3 & 6.)

Plaintiff's bare assertion of conduct described merely as intentional is insufficient to support a request for punitive damages. Thomas v. Hickman, No. CV F 06-0215 AWI SMS, 2006 WL 2868967, *39 (E.D. Cal. Oct. 6, 2006). Federal Rule of Civil Procedure 8(a) governs whether Plaintiff's allegations are sufficient to support her claim for punitive damages. Clark v. State Farm Mutual Automobile Ins. Co., 231 F.R.D. 405, 406 (C.D. Cal. 2005). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Plaintiff is required to set forth the grounds of her entitlement to relief, which requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. Id. (citations omitted).

Here, the second amended complaint sets forth no facts in support of Plaintiff's conclusory allegation of intentional conduct on the part of Ashraf, and sets forth no facts in support of Plaintiff's conclusory allegations of fraud and malice. Accordingly, Ashraf is entitled to have the punitive damages claim stricken pursuant to section 3294(a).

**B.     Section 425.13(a)**

Ashraf also moves to strike the punitive damages claim under section 425.13(a), which provides that where a claim for damages arises out of professional negligence, no claim for punitive damages may be included unless the court issues an order allowing the claim. Cal. Civ. Proc. 425.13(a) (West 2009). Plaintiff did not petition the Court for punitive damages against Ashraf arising out of his professional negligence, in compliance with section 425.1, and therefore, Ashraf

///

is entitled to have the punitive damages claim stricken. Thomas, 2006 WL 2868967, at *39-41; Allen, 2006 WL 1748587, at *20-22.

**II.     Conclusion and Recommendation**

For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendant Ashraf's motion to strike Plaintiff's prayer for punitive damages on the negligence claim against him, filed January 8, 2009, be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 15, 2009**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE