1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CECILIA FRAHER, | ) | 1:06-cv-01120 AWI GSA |
| | ) | |
| Plaintiff, | ) | **ORDER TO SHOW CAUSE WHY** |
| | ) | **SUMMONS AND THIRD AMENDED** |
| v. | ) | **COMPLAINT HAVE NOT BEEN** |
| | ) | **SERVED IN COMPLIANCE WITH RULE** |
| SURYADEVARA, et al., | ) | **4 OF THE FEDERAL RULES OF CIVIL** |
| | ) | **PROCEDURE** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

### RELEVANT PROCEDURAL BACKGROUND

Plaintiff's original pro se complaint was filed on August 21, 2006.  (Doc. 1.)  On

September 25, 2006, the complaint was dismissed with leave to amend.  (Doc. 8.)  On October

23, 2006, a first amended complaint was filed.  (Doc. 11.)  On October 25, 2006, findings and

recommendations were made to the district court judge, recommending Plaintiff's action proceed

against Defendant Suryadevara on the Eighth Amendment medical care claim, but that the claims

as against other defendants be dismissed.  (Doc. 12 at 4-6.)  On March 13, 2007, United States

District Judge Anthony W. Ishii adopting the findings and recommendations.  (Doc. 16.)  On

May 29, 2007, Defendant Suryadevara filed an answer to the complaint.  (Doc. 25.)

1

On February 14, 2008, Plaintiff was given leave to file a second amended complaint. (Doc. 37.)  On March 7, 2008, Plaintiff filed a second amended complaint.  On May 6, 2008, findings and recommendations were made to the district court judge, recommending that Plaintiff's Eighth Amendment claims against Defendants Ashraf, Spaeder, and Iyer be stricken from the second amended complaint.  (Doc. 44.)  Plaintiff filed objections on May 27, 2008. (Doc. 49.)  On July 14, 2008, Judge Ishii issued an order adopting the findings and recommendations.  (Doc. 55.)  On October 20, 2008, Defendant Spaeder filed an answer to the complaint.  (Doc. 63.)  On January 8, 2009, Defendant Ashraf filed an answer to the complaint. (Doc. 67.)

On July 17, 2009, Plaintiff filed a motion to substitute Mary Lee Gill, as successor in interest to Defendant Spaeder, as Ms. Spaeder passed away on November 28, 2008.  (Doc. 107.)[1]

On October 16, 2009, Plaintiff filed a third amended complaint.  The complaint names Sampath Suryadevara, M.D., Mohammad Ashraf, M.D., and the Estate of Nancy Spaeder, R.N. (Doc. 121.)

On October 26, 2009, Defendants Suryadevara and Ashraf filed answers to the third amended complaint.  (Docs. 124 & 125.)

On October 30, 2009, this Court issued a summons to the Estate of Nancy Spaeder, R.N., Deceased.  (Doc. 126.)

On January 11, 2010, this Court issued Findings and Recommendations pertaining to the issue of Ms. Spaeder's estate and Plaintiff's then pending motion.  (Doc. 128.)  The findings provided, in pertinent part:

> The second amended complaint has been superceded by the filing of the third amended complaint, in which the Estate of Nancy Spaeder, R.N. is named as a defendant.  No evidence in the record to the contrary and with time left for service to be effected, the Court presumes service on the party found to be proper by Plaintiff's counsel is pending.  Plaintiff's motion to substitute Mary Lee Gill

---

[1]In May 2009, the Court determined the appointment of counsel for Plaintiff was warranted.  (Docs. 86 & 88.)  On June 1, 2009, attorney John F. Garland filed a Designation of Counsel. (Doc. 93.)

for Nancy Spaeder, named in the second amended complaint, has been rendered moot, and the Court HEREBY RECOMMENDS denial of the motion, without prejudice on that ground.

(Doc. 128 at 2.)  No party filed objections.  On February 4, 2010, Judge Ishii issued an Order adopting the findings and recommendations.  (Doc. 129.)

To date, no appearance has been made on behalf of the Estate of Nancy Spaeder, R.N.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides in part:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

More than 120 days have elapsed since Plaintiff filed the third amended complaint in this action.  That complaint was filed October 16, 2009; thus, 120 days elapsed as of February 13, 2010.  Moreover, more than 120 days have elapsed since this Court issued the summons to the Estate of Nancy Spaeder, R.N., Deceased.  The summons issued October 30, 2009; thus, 120 days elapsed as of February 27, 2010.

In light of the foregoing, this **Court ORDERS Plaintiff, no later than August 11, 2010**, to show cause in writing why Plaintiff has failed to: (1) file documents to show proof of service of the summons and third amended complaint on the aforementioned defendant to comply with Rule 4(i) of the Federal Rules of Civil Procedure; and (2) accomplish service of the summons and third amended complaint on the aforementioned defendant within 120 days of filing the complaint to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

//

//

//

//

3

1   **Plaintiff is admonished that this Court will recommend dismissal of this action if**

2   **Plaintiff fails to comply with this Order and to show good cause for failure to accomplish**

3   **service of the summons and third amended complaint.**

4

5   IT IS SO ORDERED.

6   Dated:    **July 28, 2010**                    **/s/ Gary S. Austin**

7                                              UNITED STATES MAGISTRATE JUDGE

4